[No. 16292.   Department Two.   February 28, 1921.]

THE STATE OF WASHINGTON, *on the Relation of the City of Seattle, Appellant,* v. PUBLIC SERVICE COMMISSION *et al., Respondents.*[1]

GAS (3)—CHARGES—PUBLIC SERVICE COMMISSION — FINDINGS—RE-
VIEW.   The findings of the public service commission in fixing gas
rates will not be disturbed by the courts in the absence of a showing
of capriciousness or arbitrary action; and none appears from the
fact that statistics and tabulations from the company's books were
used, where the report of the accounting department of the commis-
sion showed substantially the same condition.

SAME.   Findings of the public service commission as to the rea-
sonableness of rates will not be disturbed ¡because of a consider-
ation of reports made and comparative figures and statements, not
regularly introduced in evidence, where the finding was not based
thereon and was supported by other substantial evidence.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered November 8, 1920,
sustaining upon appeal the decision of the public
service commission fixing gas rates.   Affirmed.

*Walter F. Meier, Thomas J. L. Kennedy,* and *J. A.
Newton,* for appellant.

*Poe & Falknor,* for respondent Seattle Lighting
Company.

*The Attorney General* and *Raymond W. Clifford,* for
respondent Public Service Commission.

MAIN, J.—The respondent Seattle Lighting Company
is a corporation engaged in the manufacture, distribu-
tion and sale of gas in the city of Seattle under a fran-
chise granted by that city.   On the 26th day of Novem-
ber, 1919, the company filed with the state public serv-
ice commission a schedule of rates to be charged.   This
tariff was to be effective as of February 1, 1920, but

'Reported in 195 Pac. 1015.

was suspended by the commission pending an investigation and hearing. On the 16th day of January, 1920, the city of Seattle filed with the commission a complaint alleging that the proposed rates were unjust, unfair and unreasonable. The lighting company denied the charges in the complaint and the matter came on for hearing before the commission at Seattle on the 20th or 21st day of February, 1920. At this hearing the city was represented by one of the officers of its legal department. Testimony was offered by the lighting company, by the city and by the commission.

After the hearing, the commission found that, on the 30th day of June, 1914, the lighting company's property devoted to a public use had been found to be valued at $9,126,883 as a basis for rate making. That, between the 30th day of June, 1914, and December 31, 1919, there had been added to the value of the lighting company's property $1,348,286.24. That the net additions during the year 1919 were $212,459.56. That the value of the lighting company's plants as a basis for rate making for the year 1919 was $10,368,939.46. That this plant value was used as a rate basis in determining the amount upon which the respondent was, during the year 1919, entitled to earn a reasonable and fair return. That, based upon this average value of the plant, $10,368,939.46, and after deducting all operating expenses and taxes and allowing for an annual depreciation of 2.18 per cent, the commission found that, in the year 1919, the respondent earned under its present rates 1.91 per cent. That, if non-operating income and profits on sales of merchandise and rents from real estate and buildings were disallowed, together with adjustments and bad debts, the rate of return would be 1.82 per cent. That, using the value of the plant specified, based upon the 1919 business, the commission found that after paying all operating expenses and

taxes and allowing for an annual depreciation of 2.18 per cent, the lighting company would earn under the proposed rates 5.34 per cent annually. That should there be added non-operating income and deducted profits on merchandise sales and jobbing, rents derived from real estate and buildings, and allowance for discounts, the rate of return would be 5.25 per cent. That the proposed rates as set forth in the lighting company's tariff under consideration were not unjust, unfair, unreasonable or unlawful nor more than sufficient.

From the order entered sustaining the tariff, the city took the matter before the superior court of Thurston county for review, and from an adverse decision there, appeals to this court.

If we have gathered the argument of the city's brief correctly, there are two main contentions. First, that the evidence does not sustain the findings of the commission and that improper evidence was considered. As to the sufficiency of the evidence to sustain the finding, the rule is that, so long as the commission acts within its powers, its findings when supported by substantial evidence will not be disturbed by the courts in the absence of a showing of capriciousness or arbitrary action. *Interstate Commerce Comm. v. Louisville & Nashville R. Co.*, 227 U. S. 88; *Interstate Commerce Comm. v. Union Pac. R. Co.*, 222 U. S. 541, 56 Law Ed. 308; *People ex rel. New York & Queens Gas Co. v. McCall*, 245 U. S. 345, 62 Law Ed. 337. This is the rule applied by the Federal supreme court to the findings of the interstate commission, and there is no reason why the same rule should not be applied to the findings of the public utilities commission acting under state law.

Upon the hearing, detailed reports and tables, showing the respondent's financial condition, which had been prepared by the engineering and accounting depart-

ments of the public service commission, were introduced in evidence. The lighting company introduced similar evidence prepared by its expert, together with the oral testimony of the person preparing the report. There seems to be some contention that the report offered by the lighting company is not the best evidence and should therefore not be considered by the commission. There are two answers at least to this position. One is that the evidence was not objected to, and the other that, in any event, it was competent for the purpose of showing the conditions under which the lighting company was operating its business. *Rowland v. St. Louis & S. F. R. Co.*, 244 U. S. 106; *Spiller v. Atchison, T. & S. F. R. Co.*, 253 U. S. 117.

In order to get the facts concerning the operation of the business before the commission, it was necessary to make statistics and tabulations from the books of the company. No other practical way of presenting this information is pointed out. As to the report prepared by the commission's engineering and accounting departments, it was admitted by the city's representative to be a truthful statement in so far as it was possible to get such a statement from the company's books. There was an implied insinuation that the company might be keeping a duplicate set of books, but there is not evidence of this and the impracticability of such a thing is apparent. The report prepared by the engineering and accounting department of the commission showed substantially the same condition of the company as did the report and oral testimony presented by the lighting company. If, however, the company's evidence should be disregarded entirely, there is substantial evidence in the report of the commission's engineering and accounting dpartments to sustain the finding. All must realize that, if a public utility is to

continue to exist and perform its functions, it must have sufficient rates.

The second point is that the commission considered improper testimony. Upon the hearing the city's evidence largely went to a comparison of the rates charged in Portland, San Francisco and Los Angeles with those in Seattle. None of the witnesses appearing had made a detailed investigation of any of the plants mentioned and they did not show sufficient knowledge of the practical and actual conditions under which the gas plants in those cities were operated to entitle their testimony to much weight. It is obvious that, if a comparison of gas plants is attempted, there are a number of factors that enter into the consideration, such as the different method of manufacture, different characteristics in the distributing system, local conditions affecting supply and price of gas making materials, different consumption characteristics, and so forth.

The evidence offered by the city tended to show the wage scale of the respective cities, the price of gas or oil and similar matters. This was only a superficial showing. At the conclusion of the hearing, however, the commission thought it best to cause its engineer to visit the cities mentioned and investigate the conditions. This was done and in its opinion the committee refers to this investigation and the report, and concludes that the result of the investigation showed that comparative figures and statements alone were not sufficient to warrant a holding that the proposed rates were unjust, unfair, unreasonable or more than sufficient. It is this report about which the city complains, its position being that the examining expert should have been placed upon the stand to testify with an opportunity for cross-examination.

For the purpose of this case, it will be assumed, but not decided, that, when the commission has under con-

sideration the matter of rates, its findings should be based upon the proof submitted. The commission did not base any findings upon the report of its engineer other than the finding that such report was not sufficient to warrant a holding that the proposed rates were unjust, unfair or unreasonable. Without this report, as already pointed out, there was substantial evidence to sustain the finding of the commission. Had the commission's finding been necessarily based upon the report of its engineer, a different question would be presented.

The judgment will be affirmed.

PARKER, C. J., TOLMAN, and MITCHELL, JJ., concur.